STERLING'S HEIRS vs. JOHNSON.

Appeal from the court of the third district.

Matthews, J. delivered the opinion of the court. In this case the defendant is charged with having trespassed on the land of the plaintiffs, and that he still holds possession hereof, contrary to their right and title to the property in dispute. From the prayer of the petition the principal object of the suit seems to be, to have the title of the parties settled, and possession decreed to the plaintiffs according to the limits of the grant or concession under which they claim. To this effect judgment was rendered in the court below, from which the defendant appealed.

The cause presents no legal question of difficulty ; but depends for its decision solely on matters of fact ; among which one only appears to be disputed, i. e. the locality or true situation of the north east corner of the tract of land owned and claimed by the plaintiffs. This corner, and a line drawn from it, south to a proper distance, form a common boundary between the contending parties, being the eastern limit of the plaintiffs, and the western of the defendant's tract of land. To

East'nDistrict.
March, 1824.

STERLING'S
HEIRS
vs.
JOHNSON.

Proof of the line in dispute being the real line of the younger tract, (purporting to be bounded by the older) is strong presumptive evidence of its being also the boundary line of the former.

East'n
District.
*March,* 1824.

STERLING'S
HEIRS
*vs.*
JOHNSON.

establish its real position was a burthen incum~ bent on the appellees. This we are of opinion they have done, by sufficient evidence. The testimony in the case shows clearly the situation of the south west and north west corners of the plaintiffs' tract; but a line run eastwardly from the latter point, the distance required to give the quantity of land called for, by their survey and grant, would not reach the hickory corner for which they contend as the north east limit. It was therefore necessary to establish the true position of this point by testimonial proof. For this purpose we have the positive and unimpeached testimony of one witness, to whom the tree marked as a corner had been shown by one of the chain carriers, who had assisted in surveying the land for the grantee, but was dead at the trial of this suit.

The record also exhibits proof that the same tree was the known and established limit of the survey and grant under which the defendant claims title.

. Further, it is agreed that the full quantity called for by this grant is embraced within the limits of this survey, without extending it to the westward of the place where the hickory once stood as a corner common to both the tracts, of

East'nDistrict.
*March*, 1824.

STERLING'S
HEIRS
*vs.*
JOHNSON.

plaintiffs and defendants, on their northern limits; but being destroyed by time or accident, a white oak near the same spot has been substituted and marked in its stead. The whole evidence of the cause shows most clearly that this point is the limit of the defendant's land to the west, or that it has always been considered as such. The plaintiffs claim under the oldest grant and survey, and the original concession under which the appellant claims title, calls to bound westwardly on said survey and grant.

Now if both surveys had been correctly made, the tree which separates them must be held in common, and proof of its position in relation to either grant would cause it to produce effect on the other; surveyors, like all other public officers, are presumed to do their duty until the contrary be shewn; and there is no evidence in the present case that the persons who made the surveys and plats now under discussion, did any thing to the injury of either of the parties litigant; therefore proof of the limit in dispute being the real line of the younger grant is evidence of its being also the boundary of the elder. But admitting it not to be positive and incontrovertible, it is strong-

East'n District
March, 1824.

STERLING'S
HEIRS
vs.
JOHNSON.

ly corroborative of the oral testimony which appears in support of the same fact.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed, with costs.

*Woodruff* for the plaintiffs, *Watts & Lobdell* for the defendants.